SAUL BERMAN *vs.* KING UNION COMPANY, INC.
LORRAINE BERMAN *vs.* SAME.
APRIL 28, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These two actions of trespass on the case for negligence were brought by a husband and wife to recover damages resulting from a collision between an automobile owned by the wife, but driven by her husband, and defendant's automobile. After our opinion in *Berman* v. *King Union Co.*, 80 R. I. 181, the cases were again tried together in the superior court before a justice thereof sitting with a jury and resulted in verdicts for the defendant. The cases are before us on the sole exception of the plaintiff in each case to the denial of the motion for a new trial.

The evidence discloses that in the early afternoon of June 25, 1951, an automobile operated by plaintiff Saul Berman collided with one operated by Doris K. Smith, secretary of the defendant corporation, at a point on Morris avenue near its junction with Whiting street, both public highways in the city of Providence. It is undisputed that each automobile was being operated at the time with the consent of the respective owner.

The testimony of the parties as to the circumstances under which the collision occurred is completely at variance and wholly irreconcilable. The plaintiff Saul Berman testified

that he was driving down Whiting street on his right side; that he was on his way to the office of the company for which he worked on Medway street; that he came to a complete stop when he reached the corner of Morris avenue; that he looked to his left and saw no traffic approaching from that direction; that he could not see up Morris avenue to his right because there was a high embankment there, heavily shrubbed, and therefore he proceeded to turn into Morris avenue in first speed so that he "was just about crawling around"; and that after he had turned the corner and was facing in a southerly direction and as the front part of his car was approaching the center line of Morris avenue, he saw a car coming toward him on the left side of that avenue at a fast rate of speed "so close I had no time to do anything at all, so I just stopped there."

He further testified that the left fender, left side and the grill work on the front of his car were damaged by defendant's car; that the operator thereof made no effort to slow down; that she gave no audible signal of its approach and did not swerve or change its course, but struck his car while it was at a complete stop; and that defendant's car did not stop after the impact but continued on for about 90 or 100 feet. The plaintiff Lorraine Berman, who was seated to the right of her husband on the front seat, confirmed his testimony for the most part, although there appears to be some discrepancies between her testimony in the instant cases and that given by her in the previous trial thereof.

On the other hand Doris K. Smith, the operator of defendant's car, testified that there were no cars parked on either side of Morris avenue as she approached Whiting street; that she was traveling at about 20 miles per hour on her right side of Morris avenue with no part of her car over the center line; that she heard no signal or warning and saw no car coming out of Whiting street; that she was struck by plaintiff's car when she was "directly opposite Whiting Street"; that she came to a full stop "Right exact-

ly when I was hit"; and that her car was struck in such a manner that "The whole left side from the door to the fender was completely rammed." She further testified that after the collision she proceeded along Morris avenue about 90 or 100 feet to the home of a friend, where the ambulance was called for one of her children.

From the above brief summary of the testimony it clearly appears that the issues which the jury was called upon to decide were clearly those of fact and depended to a large extent upon the credibility of the witnesses. In his rescript denying plaintiffs' motions for a new trial the trial justice stated: "The Court, in exercising its independent judgment and in passing upon the credibility of the witnesses and the weight of the evidence, finds that the jury followed the law which the Court gave it, that its verdict is supported by the great weight of the evidence and that substantial justice has been done."

From our own independent reading of the transcript and an examination of the exhibits filed herein, we cannot say that the decision of the trial justice was clearly wrong.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Robert N. Greene,* for plaintiffs.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendant.